Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff David Robinson

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Robinson,<br><br>  Plaintiff,<br>   v.<br><br>Barber Vallejo Properties, L.P., and The Hertz Corporation,<br><br>  Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

David Robinson ("Plaintiff") alleges the following:

## INTRODUCTION

1. Plaintiff brings this action against defendants Barber Vallejo Properties, L.P. and The Hertz Corporation (collectively "Defendants"), for unlawfully discriminating against Plaintiff because of Plaintiff's disability at the Hertz ("Hertz") located at 850 Redwood Street in Vallejo, California ("Property").

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California law.

## PARTIES

3. Plaintiff is a natural person and an adult resident of the San Francisco Bay Area. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant Barber Vallejo Properties, L.P. ("Barber") is a California limited partnership

with its principal address in Fairfield, California. Barber owned, managed, operated, or was otherwise responsible for the Property.

5. Defendant The Hertz Corporation ("Hertz") is Delaware corporation with its principal address in the State of Florida. Hertz owned, managed, operated, or otherwise was responsible for the Hertz business located at the Property.

## JURISDICTION

6. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

7. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

8. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property and Hertz are located inside this district and Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities.

10. Plaintiff is a paraplegic due to a tragic motorcycle accident.

11. Plaintiff requires a wheelchair to facilitate his mobility because of a spinal cord injury.

12. Plaintiff's symptoms substantially limit his major life activities.

13. Plaintiff has at all relevant times, displayed a valid disabled person parking placard issued by the California Department of Motor Vehicles.

14. Plaintiff's lives in the San Francisco Bay Area, not far from the Property.

15. On August 21, 2023, Plaintiff personally visited the Hertz located at 850 Redwood Street in Vallejo, California. Plaintiff visited Hertz to rent a car for September 13, 2023.

16. Upon arriving at Hertz, Plaintiff was not able to locate any accessible parking spaces whatsoever.

17. Plaintiff would like to return to Hertz in the future as he needs to rent a vehicle from time to time. In fact, Plaintiff is scheduled to pick up a vehicle from this location on September 13,

2023. Plaintiff is apprehensive about returning to Hertz because of the lack of accessible parking at the Property.

18. This Hertz location is less than three miles from Plaintiff's residence.

19. The Hertz and Property are public accommodations and business establishments.

20. The Hertz and Property is open to the public and its operation affects commerce.

21. Hertz and the Property has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

22. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer negative feelings.

23. It's important for a rental car business to have accessible parking to make their services more inclusive and accommodating for individuals with disabilities, particularly those who use wheelchairs. Accessible parking spots are reserved for disabled customers, and are typically located closer to the facility, making it easier for someone in a wheelchair to get in and out of their vehicle without struggling for space or worrying about obstructions or long journeys. Having such designated spaces means that these individuals can more confidently plan their journeys, knowing that the most basic aspect of physical accessibility has been accounted for. Overall, accessible parking serves as an essential feature that can make the rental car experience considerably more manageable, respectful, and dignified for those with mobility challenges.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

24. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

25. Defendants have denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of Hertz and the Property.

26. Hertz is a public accommodation.

27. The Property is a public accommodation.

#### Failure to Remove Architectural Barriers at an Existing Property

28. Defendants failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

29. For those barriers where it is not reasonably achievable to remove them, if any, Defendants failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

#### Failure to Design and Construct an Accessible Property

30. The improvements at the Property are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

31. Defendants violated the ADA by failing to design and construct the facilities at the Property in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

#### Failure to Make an Altered Facility Accessible

32. Plaintiff alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

33. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

34. Defendants altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

35. The configuration and condition of the Property denied Plaintiff a public accommodation due to Plaintiff's disability.

36. It is readily achievable for Defendants to remove the architectural barriers.

#### Failure to Maintain Accessible Features

37. Defendants violated the ADA by failing to maintain in operable and working condition those features of the Hertz and Property that are required to be readily accessible to and be usable by

persons with disabilities.

38. Defendants' failure in maintaining the Hertz and Property in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

39. The configuration and condition of the Hertz and Property denied Plaintiff a public accommodation due to Plaintiff's disability.

40. It is readily achievable for Defendants to remove the barriers.

41. Defendants does not have any legitimate business justification to excuse the condition and configuration of the Hertz and Property.

42. Defendants' violations are the cause of suffering for Plaintiff.

43. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

44. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

45. The Hertz and the Property are business establishments.

46. As described above, Defendants intentionally discriminated against Plaintiff during Plaintiff's visit to Hertz at the Property.

47. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

48. Defendants violated the ADA during Plaintiff's visit to Hertz at the Property.

49. Defendants' acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

50. Plaintiff was harmed.

51. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

52. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

53. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendants to cease its discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: August 28, 2023                              Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff